## United States v. H. Meyer

**No. 5066.**—Invoice dated Paris, France, October 9, 1939.
Certified October 12, 1939.
Entered at New York October 28, 1939.
Entry No. 744688.

### Second Division, Appellate Term

(Decided December 9, 1940)

*Charles D. Lawrence*, Acting Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the appellant.
*Puckhafer, Rode & Rode* (*John D. Rode* of counsel) for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

TILSON, Judge: This is an application for the review of the decision of the trial court, filed under the provisions of section 501 of the Tariff Act of 1930. The merchandise was entered and appraised at $24 per gram, plus 1 per centum armament tax, and the collector filed an appeal contending for a value of $35 per gram, plus said armament tax, based, apparently, upon the fact that a shipment of folliculine cristallisee had been received at Detroit shortly before and appraised at $35 per gram.

At the first hearing the plaintiff offered and there was received in evidence a special agent's report dated New York, N. Y., December 12, 1939. Since the instant merchandise was imported and entered at the port of New York and the special agent's report was made by a special agent at the port of New York no reason appears why this special agent, who was so well informed as to the value of this merchandise, should not have been called as a witness for the Government to testify, when he would have been subject to cross examination, rather than furnish this court secondary hearsay evidence in the form of the report now before us. There is no evidence, or even a statement, to the effect that the attendance of this special agent could not reasonably be had.

However, be that as it may, the information contained in said report is wholly insufficient to overcome the presumption of correctness in favor of the appraiser's action.

The special agent does not even suggest that the merchandise imported at Detroit was such as or similar to that in this case, or that it was freely offered for sale to all purchasers in the principal markets of the country of exportation, in usual wholesale quantities and in the ordinary course of trade, nor is this information contained in any of the other evidence offered. Until these factors have been established by proper evidence the price paid by the Detroit importer for certain folliculine can have no bearing on the proper dutiable value of the instant merchandise.

After the special agent's report was admitted in evidence the Government rested its case. Later, however, it offered the testimony of Examiner Cunningham, but this testimony was offered only in rebuttal to the evidence offered by the defendant. The burden of offering competent evidence to overcome the presumption of correctness of the action of the appraiser rested, in this case, upon the Government, and this burden it has failed to meet.

The following statement in the special agent's report is significant and typical of the hearsay information contained in said report:

Examiner Cunningham, who appraises the merchandise at New York, believes the matter of insufficient importance to request foreign investigation to determine export value. He is of the opinion that when the merchandise covered by cable order dated November 4, 1939, arrives he will ask Mr. Meyer to try to obtain information from the shipper and, if no information can be obtained, he will appraise at the invoice prices.

After a careful consideration and examination of all the evidence before us, we are convinced that the same is not sufficient to overcome the presumption of correctness attaching to the action of the appraiser.

In making his appraisement in this case the appraiser failed to indicate the basis of the value found by him, whether foreign, export, United States value, cost of production, or American selling price. Under the law this is required and must be determined by the appraiser before he can find any value. Once this has been determined, the ministerial duty of indicating it upon the invoice or other official papers is so easy and simple there appears no reason why it should not be done. The appellant, in its brief filed herein, makes the statement that the value found by the appraiser represents the export value and that there is no foreign value. We find no basis for such statement in the record.

The Government being the appealing party it rested upon it to establish the proper basis of appraisement, that is, foreign value, export value, United States value, cost of production, or American selling price. This it has failed to do, and we are, therefore, unable

to determine the proper basis of appraisement. It is to be noted that the trial court also failed to state the basis of the value found by it.

Because of the failure of the plaintiff to establish either one of the above bases of appraisement, and the court not being able to determine the proper basis of appraisement, the appeal is hereby dismissed, which will leave the appraised value as the proper dutiable value. Since this action accomplishes the same result as that obtained by the trial court, its judgment, holding the appraised value to be the proper dutiable value, is accordingly modified rather than reversed.

After carefully considering all the evidence, and in compliance with the statute, we find as fact:

That the imported merchandise consists of Folliculine cristallisee imported from France.

After carefully examining and considering all the evidence, we conclude as matter of law that the same is not sufficient to overcome the presumptively correct value found by the appraiser. Since neither the appraiser nor the appellant herein has shown the proper basis of appraisement, the appeal should have been dismissed, and the judgment of the trial court, holding the appraised value to be the proper dutiable value, is accordingly modified. Judgment will be rendered accordingly.